Citation Nr: 1607943 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 10-28 117 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for sinusitis. 

2. Entitlement to service connection for bilateral upper extremity carpal tunnel syndrome (CTS). 


REPRESENTATION

Veteran represented by: Florida Department of Veterans Affairs


ATTORNEY FOR THE BOARD

L. Jeng, Counsel



INTRODUCTION

The Veteran served on active duty in the Air Force from September 1982 to September 2006. 
 
This case comes before the Board of Veterans' Appeals (the Board) on appeal from a December 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

In April 2013, the Board remanded the matter for further development which has been completed, and the case has been returned for appellate consideration. 

This appeal was processed using the Virtual VA/VBMS paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

As noted above, the Board remanded this matter in April 2013 to provide the Veterans with examinations to determine the nature and etiology of his disabilities on appeal. Although the record shows that the Veteran was scheduled for examinations for which he did not report, it is unclear as to whether all efforts were undertaken to assist the Veteran. In a June 2014 Report of General Information, an RO employee indicated he or she had spoken with the Veteran's wife, who informed VA that the Veteran refused his scheduled VA examinations in lieu of submitting a Disability Benefits Questionnaire (DBQ). The Report also noted that the Veteran's wife stated the Veteran was out of the country for many months. In a subsequent letter to the Veteran in June 2014, the RO stated that it was notified that he had declined his VA examinations and requested that the Veteran confirm that he declined his VA examinations. To date, the Veteran has not responded to that letter. However, the Board notes that there is no documentation in the record showing that the Veteran was properly notified of the date of his examinations; instead there is a print out from the VA Medical Center showing that the examinations had been cancelled. Additionally, as the Veteran's wife indicated that the Veteran had been out of the country and the Veteran has a history of attending scheduled VA examinations, it is not clear that the Veteran was provided a real opportunity to either attend such an examination or provide a DBQ. Affording the Veteran all benefit of the doubt, the Board finds that the Veteran should be provided another opportunity to report to his examinations. 

On remand, any outstanding records should be identified and obtained. 

Accordingly, the case is REMANDED for the following actions:

1. Contact the appropriate VA Medical Center and obtain and associate with the claims file all outstanding records of treatment. If any requested records are not available, or the search for any such records otherwise yields negative results, that fact must clearly be documented in the claims file. Efforts to obtain these records must continue until it is determined that they do not exist or that further attempts to obtain them would be futile. The non-existence or unavailability of such records must be verified and this should be documented for the record. Required notice must be provided to the Veteran and his or her representative. 

2. Contact the Veteran and afford him the opportunity to identify by name, address and dates of treatment or examination any relevant medical records. Subsequently, and after securing the proper authorizations where necessary, make arrangements to obtain all the records of treatment or examination from all the sources listed by the Veteran which are not already on file. All information obtained must be made part of the file. All attempts to secure this evidence must be documented in the claims file, and if, after making reasonable efforts to obtain named records, they are not able to be secured, provide the required notice and opportunity to respond to the Veteran and his representative.

3. After any additional records are associated with the claims file, provide the Veteran with an appropriate examination to determine the etiology of his claimed sinusitis. The entire claims file should be made available to and be reviewed by the examiner, and it should be confirmed that such records were available for review. Any indicated tests and studies must be accomplished and all clinical findings must be reported in detail and correlated to a specific diagnosis. An explanation for all opinions expressed must be provided. 

First, is there a diagnosis of sinusitis?

Second, for any diagnosed sinusitis, is it at least as likely as not (50 percent or greater probability) that the disorder was caused or aggravated by the Veteran's military service. The examiner must specifically address the following the facts as provided in the 2013 Board remand. 

4. After any additional records are associated with the claims file, provide the Veteran with an appropriate examination to determine the etiology of his bilateral upper extremity carpal tunnel syndrome. The entire claims file should be made available to and be reviewed by the examiner, and it should be confirmed that such records were available for review. Any indicated tests and studies must be accomplished and all clinical findings must be reported in detail and correlated to a specific diagnosis. An explanation for all opinions expressed must be provided. 

First, is there a diagnosis of right and/or left upper extremity CTS?

Second, for any diagnosed CTS, is at least as likely as not (50 percent or greater probability) that the disorder was caused or aggravated by the Veteran's military service. The examiner must specifically address the facts as presented in the 2013 remand.
 
5. Notify the Veteran that it is his responsibility to report for any scheduled examination and to cooperate in the development of the claims, and that the consequences for failure to report for a VA examination without good cause may include denial of the claims. 38 C.F.R. §§ 3.158, 3.655 (2015). In the event that the Veteran does not report for any scheduled examination, documentation must be obtained which shows that notice scheduling the examination was sent to the last known address. It must also be indicated whether any notice that was sent was returned as undeliverable.

6. Review each examination report to ensure that it is in complete compliance with the directives of this remand. If a report is deficient in any manner, the AOJ must implement corrective procedures. Stegall v. West, 11 Vet. App. 268, 271 (1998). 

7. After completing the above action, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claims must be readjudicated. If the claims remain denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. MILLIKAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).